1

1          UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF TEXAS
2                DEL RIO DIVISION

3


4
    UNITED STATES OF AMERICA      )
5                                 )
                                  )      DR-10-CR-361(02) AM
6   VS.                           )
                                  )      DEL RIO, TEXAS
7                                 )      NOVEMBER 29, 2011
    LUIS ROEL CASTANEDA           )
8

9

10

11

12  _____

13              **SENTENCING HEARING**

14      **BEFORE THE HONORABLE ALIA MOSES**
            **UNITED STATES DISTRICT JUDGE**
15

16  _____

17

18

19

20

21

22

23

24  Proceedings reported by stenotype, transcript produced by

25  computer-aided transcription.

**A P P E A R A N C E S**

FOR THE UNITED STATES OF AMERICA:
        UNITED STATES ATTORNEY'S OFFICE
        MARTON GYIRES
        Assistant U.S. Attorney
        Third Floor, U.S. Courthouse
        111 East Broadway
        Suite 300
        Del Rio, Texas   78840


FOR THE DEFENDANT:
        RALPH R. MARTINEZ
        ATTORNEY AT LAW
        2900 Woodridge
        Suite 306
        Houston, Texas   77087


FEDERAL INTERPRETER:
        ENRIQUE NORIEGA
        United States District Court
        Western District of Texas
        111 E. Broadway
        Del Rio, Texas   78849


OFFICIAL COURT REPORTER:
        ANNA RENKEN LAFRENZ, CSR, RPR
        United States District Court
        Western District of Texas
        111 E. Broadway
        Suite 214
        Del Rio, Texas   78840

1          **(NOVEMBER 29, 2011, OPEN COURT.)**

2          THE COURT:  DR-10-CR-361; United States of America

3     vs. Defendant Number 2, Luis Roel Castaneda.

4          MR. GYIRES:  Marton Gyires for the United States,

02:33  5     Your Honor.

6          MR. MARTINEZ:  Ralph Martinez for Mr. Castaneda, Your

7     Honor.

8          MR. GYIRES:  Your Honor, in this case there is a

9     motion for a new trial and the government filed a response.

02:34 10     I'm not sure how the Court would like to handle that; but

11     that's the situation.  And I ordered the transcripts; but

12     they're not in yet because it was so recent.

13          THE COURT:  Do we need the transcripts to get a

14     definitive answer on that?

02:34 15          MR. GYIRES:  I don't know the answer to that.  I

16     guess it depends on --

17          THE COURT:  Well, here is my question:  Wasn't there

18     evidence somewhere in the trial about the potential existence

19     of Cosco?

02:34 20          MR. GYIRES:  Of what?  I'm sorry?

21          THE COURT:  Isn't Cosco the brother that's supposed

22     to be the new brother or something?

23          MR. MARTINEZ:  I don't believe there was, Your Honor.

24          MR. GYIRES:  I don't think there was any evidence on

02:34 25     that individual.  The government's position is that the

```
 1   individual doesn't exist.  We believe the post trial statement
 2   made by the cooperating defendant is unreliable and sort of
 3   doesn't make any sense.  And I can explain why; but that's our
 4   position.
 5           MR. MARTINEZ:  The witnesses did -- I'm sorry, Your
 6   Honor.
 7           THE COURT:  Let me just read something and then you
 8   can go ahead and go on.  Okay.  Isn't there a DEA report that
 9   mentions this?  Right?
10           MR. MARTINEZ:  Yes, Your Honor.
11           THE COURT:  So it is not newly discovered evidence.
12   You-all had that prior to the trial.
13           MR. MARTINEZ:  No, we didn't.  The DEA report was an
14   interview that was conducted after the trial.
15           THE COURT:  After the trial?
16           MR. MARTINEZ:  Yes, ma'am.
17           MR. GYIRES:  The motion is based on a statement made
18   by one of the cooperating defendants who took the witness
19   stand.  The statement was made after trial.
20           THE COURT:  Well, I'm going to need the witness.
21           MR. GYIRES:  He's here in custody.
22           THE COURT:  Okay.  Now, folks, we really need -- this
23   is set for sentencing.  It is only set for a 20-minute
24   sentencing.  It is not set for the motion to dismiss.  Do
25   you-all want me to sentence and then consider the motion to
```

1    dismiss?  I'll be happy to do that?  That's not a problem.  I

2    don't mind doing it in that order, if we need to.

3              MR. MARTINEZ:  That's fine, Judge.  Whatever is best

4    for you.  And I'm also willing to do two things, with the

02:36 5    Court's permission, obviously:  One would be if you want to

6    stipulate the report you have, that's fine too with me.  I'm

7    not in dispute with what that government report says; but of

8    course, you may want to talk to the witness.

9              THE COURT:  Yes, I want to know why the witness is

02:36 10   barely saying this.

11             MR. MARTINEZ:  Okay.  The second point I wanted to

12   make, Your Honor, is I don't know the appropriateness of this

13   or if it can even be done; but Mr. Gyires and I talked about

14   this.  And I mean we would obviously, with the Court's

02:36 15   permission, but we had talked about just avoiding all

16   the -- abandoning our appeal and abandoning our request for a

17   motion for new trial, and in light of the new evidence

18   discovered basically we would agree that we would be willing,

19   with the Court's permission obviously, we would be willing to

02:36 20   settle this matter and just take a 10-year sentence.

21             THE COURT:  No:  Folks.  Get a grip.

22             MR. MARTINEZ:  No.  I understand that.

23             THE COURT:  No, no.

24             MR. MARTINEZ:  No.  I understand.

02:37 25             THE COURT:  No.  You are not in state court.

|   |   |
|---|---|
| 1 | MR. MARTINEZ:  You're right. |
| 2 | THE COURT:  No.  Your client is facing life right |
| 3 | now.  And I'm not going to agree after a jury trial to a |
| 4 | 10-year sentence?  No.  Appeal it. |
| 02:37 5 | MR. MARTINEZ:  No, no, no. |
| 6 | THE COURT:  No, no.  I'm saying I'd rather he appeal |
| 7 | it. |
| 8 | MR. MARTINEZ:  Okay.  I understand.  That's why I |
| 9 | said it was a difficult thing, unorthodox.  But if you grant |
| 02:37 10 | the motion for new trial, then he would have a new trial. |
| 11 | THE COURT:  Yes.  But we don't know what I'm going to |
| 12 | do yet on that. |
| 13 | MR. MARTINEZ:  Okay.  All right. |
| 14 | THE COURT:  And you know what, Mr. Martinez?  I would |
| 02:37 15 | rather give him a new trial. |
| 16 | MR. MARTINEZ:  I see your point, Judge. |
| 17 | THE COURT:  I think it would be more fair.  Because |
| 18 | at that point, I mean, if he is -- because I think he has |
| 19 | maintained all along he is innocent. |
| 02:37 20 | MR. MARTINEZ:  That's true. |
| 21 | THE COURT:  Okay.  So if he pleads and I say "Okay. |
| 22 | I'll do the 10 years," and he still maintains his innocence, |
| 23 | okay, somewhere down the line he is going to say "I'm factually |
| 24 | innocent."  I just took it because it was I was 10 years and I |
| 02:38 25 | was facing life.  If I had gone to a jury, they might have |

1    acquitted me outright."

2         MR. MARTINEZ:  That's true.  That's the point.

3         THE COURT:  So I would rather that he take the chance

4    of being acquitted outright than just taking whatever is thrown

02:38  5    out there just for the purposes of expediency.  That's my

6    preference.

7         MR. MARTINEZ:  Right.

8         HE COURT:  So if you prefer that I wait to sentence

9    him until we decide the motion to dismiss, that's perfectly

02:38 10    okay too.

11         MR. MARTINEZ:  No.  I'll leave that up to you, Judge.

12    Whatever you want to do.

13         THE COURT:  No.  I mean, that's fine with me.  I

14    don't have a problem with that.

02:38 15         MR. MARTINEZ:  You could sentence him now and then we

16    could do the motion for new trial and get the witness here or

17    however you want to do it.

18         THE COURT:  It's really up to you-all.  It doesn't

19    matter to me.  Whatever is cleanest for the record.  Whatever,

02:38 20    if we need transcripts for the motion to dismiss, that's fine

21    with me too.

22         MR. MARTINEZ:  I'd rather sentence him and get the

23    transcripts and get everything.

24         THE COURT:  All together in one?

02:38 25         MR. MARTINEZ:  I think that would be better.

1          THE COURT:  Okay.  Then what I will do too is I won't

2     issue the judgment until we have a date for that, because we

3     don't want me to -- if I enter the judgment, I could lose

4     jurisdiction on the case.

02:39  5          MR. MARTINEZ:  All right, Judge.

6          THE COURT:  Okay.  Now also keep in mind that in this

7     particular case we are going to change some of the

8     computations, because some of the specific offense

9     characteristics should not have applied to your client.

02:39 10          MR. MARTINEZ:  Yes, ma'am.

11          THE COURT:  So that will be factored into whatever we

12     do today anyway.

13          MR. MARTINEZ:  Okay, Judge.

14          THE COURT:  Okay.  So just so you-all know, Probation

02:39 15     made me aware that they use the new guidelines, which would not

16     have applied to your client.

17          MR. MARTINEZ:  Okay, Judge.  Thank you.

18          MR. GYIRES:  Your Honor, may I ask a question?

19          THE COURT:  Uh-huh (yes).

02:39 20          PROBATION OFFICER:  I informed both of them with

21     respect to the --

22          THE COURT:  So they knew that already.  Okay.  Yes,

23     sir, Mr. Gyires.

24          MR. GYIRES:  The government doesn't know and has no

02:39 25     idea what the witness would testify to at this new hearing.

```
1    Would we at least have permission to ask leading questions, ask

2    cross examination style questions?

3            THE COURT:  Well, it is not your motion.  It is Mr.

4    Martinez' motion.

5            MR. GYIRES:  Right.

6            THE COURT:  So he would have to present the witness.

7            MR. GYIRES:  Okay.

8            THE COURT:  You would be cross examining.

9            MR. GYIRES:  That's would be great, because we

10   actually --

11           THE COURT:  How much time do you-all need for this

12   hearing?

13           MR. GYIRES:  An hour.

14           THE COURT:  An hour?

15           MR. GYIRES:  It is just that one witness, I think.

16           THE COURT:  I have a civil case hearing set for

17   tomorrow.  I am finding out from the parties that they really

18   do need that time, because that way, Mr. Martinez, you wouldn't

19   have to necessarily leave.  We could slip it in that slot; but

20   I don't have all the information from the civil parties.

21           MR. MARTINEZ:  Plus you may want the transcripts,

22   Judge.

23           THE COURT:  Oh, you are right.  We do want the

24   transcripts.  You are absolutely right.  Yes.  I wouldn't be

25   able to have it that soon with the transcripts.
```

|  |  |  |
|--|--|--|
| | 1 | MR. MARTINEZ:  I just thought about that. |
| | 2 | THE COURT:  Yes.  No, no.  You are right.  You are |
| | 3 | absolutely right. |
| | 4 | MR. MARTINEZ:  I appreciate the consideration, Your |
| 02:40 | 5 | Honor. |
| | 6 | THE COURT:  Okay. |
| | 7 | MR. MARTINEZ:  But I just thought -- |
| | 8 | THE COURT:  Do you want to check with your client and |
| | 9 | see what he wants to do? |
| 02:40 | 10 | MR. MARTINEZ:  Yes, ma'am. |
| | 11 | THE COURT:  Sure.  Go ahead. |
| | 12 | (COUNSEL CONFERS WITH DEFENDANT.) |
| | 13 | MR. MARTINEZ:  He said that's fine, Judge. |
| | 14 | THE COURT:  Because right now what we are looking at |
| 02:41 | 15 | is deleting eight points also from the calculations.  So he |
| | 16 | would be at, instead of at an adjusted -- at a total offense |
| | 17 | level of 52, he would be at total offense level of 44.  I'm not |
| | 18 | sure that that makes a huge difference. |
| | 19 | MR. GYIRES:  Your Honor, it is a mandatory.  Because |
| 02:41 | 20 | of the enhancement, it is mandatory life. |
| | 21 | THE COURT:  Yes, it is life. |
| | 22 | MR. MARTINEZ:  That's why my objections, Your Honor, |
| | 23 | are kind of mooted out in the sense that, you know, I'm |
| | 24 | objecting, kind of rehashing what I did on my motion for new |
| 02:41 | 25 | trial.  Basically what I am saying, Judge, and they are mooted |

1    out by his enhancement.  He has got two ways of getting a life

2    sentence.

3          THE COURT:  Yes.  The guidelines, he'd still be at a

4    life in terms of the guidelines.

02:41  5          MR. MARTINEZ:  Right.  And even if I object and

6    somehow convince you not to give him a life sentence on the

7    guidelines, he is still going to get a life sentence on the

8    enhancements.

9          THE COURT:  See here.  That is the deal, gentlemen.

02:41 10   I couldn't have given him under, because of the enhancements,

11   even under your agreement, I couldn't have give him anything

12   other than a life sentence.  I can't give him the 10 years.

13   The only way I can get him under a statutory minimum mandatory

14   is if he cooperates and gets some kind of a 5K or Rule 35.

02:42 15   Those are the only ways that I can get under a statutory

16   minimum.

17          MR. MARTINEZ:  There is another way; but it may be

18   asking too much from you, and I dare not.

19          THE COURT:  Okay.  Give me an idea of what you are

02:42 20   talking about.

21          MR. MARTINEZ:  The government and I enter into an

22   agreement.

23          THE COURT:  11(c)1(C) won't get you there, folks.

24          MR. GYIRES:  We wouldn't be able to just withdraw the

02:42 25   enhancements?

```
 1              THE COURT:  No.  You already had a trial on it.
 2              MR. MARTINEZ:  What I'm is we conditionally grant the
 3      motion for new trial so long as we plea.
 4              THE COURT:  You-all can conditionally grant the
 5      motion for new trial; but I haven't granted it at all.
 6              MR. MARTINEZ:  Right.  But you would know we have an
 7      agreement.  You would know we have --
 8              THE COURT:  No.  No.  We're not doing that, folks.
 9      Mainly because, for one, I think it would be too large of an
10      incentive for your client to plead to avoid a life sentence.
11      And if he is saying he is factually innocent, I think that that
12      is going to be more problematic down the line for everybody
13      involved.
14              MR. MARTINEZ:  That's true.
15              THE COURT:  And that would be my concern more than
16      anything else in this, is I would take it if it were offered to
17      me, whether I'm factually innocent or not.  Ten years or life,
18      it's a little too --
19              MR. MARTINEZ:  Your Honor, you're exactly right.
20              THE COURT:  Yes.  I think it would be problematic,
21      Mr. Martinez.
22              MR. MARTINEZ:  Okay, Judge.
23              THE COURT:  Okay.  The least problematic of all is
24      the trial, frankly.  Either if I were to find that a motion for
25      new trial should be granted, the least problematic is a trial,
```

```
 1    because then he gets another fair hearing and another fair

 2    shake and let the jury decide the case.

 3         Mr. Castaneda, would you raise your right hand.

 4              (OATH ADMINISTERED.)

 5         THE DEFENDANT:  Yes, Your Honor.

 6         THE COURT:  You may lower your hand.  Mr. Castaneda,

 7    have you had the opportunity to review the Presentence Report

 8    that was prepared in your case?

 9         THE DEFENDANT:  Yes, Your Honor.

10         THE COURT:  And did you have sufficient time to fully

11    discuss the contents of the report with your attorney?

12         THE DEFENDANT:  Yes, Your Honor.

13         THE COURT:  Mr. Martinez, have you had sufficient

14    time to fully review the Presentence Report with your client?

15         MR. MARTINEZ:  Yes, Your Honor.

16         THE COURT:  And then I know you had objections.  But

17    before we get to any of your objections, any objections to

18    paragraphs 69, 70, 71, 72, they're stained.

19         MR. MARTINEZ:  Okay.

20         THE COURT:  So that's done.  So I don't know if you

21    have any other objections other than those.

22         MR. MARTINEZ:  No.

23         THE COURT:  Were those the only ones you had?

24         MR. MARTINEZ:  Yes, ma'am.

25         THE COURT:  They are sustained.  The 2005 guidelines
```

02:43  5
02:43 10
02:44 15
02:44 20
02:44 25

1   should have be used rather than the new guidelines.

2          MR. MARTINEZ:  Okay.

3          THE COURT:  So for the record.

4          MR. MARTINEZ:  I'm sorry.  The only objection I would

02:44 5   have, and I think I included that in my objections, is a global

6   objection which goes to the meat of the motion for new trial.

7   The argument would be if these witnesses were not reliable, if

8   you make that finding, then the information contained in the

9   PSR report is based on unreliable evidence.

02:45 10          THE COURT:  Well, if I find those witnesses

11   unreliable, he gets a new trial.

12          MR. MARTINEZ:  Okay.  Well, that would be the only

13   objection.

14          THE COURT:  Isn't that really what the basis for the

02:45 15   new trial is, if there is a question as to the reliability of

16   witnesses, the trier of fact should get another shot at it;

17   right?

18          MR. MARTINEZ:  Yes.

19          THE COURT:  So paragraph 69 would say zero.

02:45 20   Paragraph 70 would say zero.  Paragraph 71 would say zero.

21   Paragraph 72 would say zero.  Paragraph 65 would say adjusted

22   offense level of 44.  Paragraph 80 -- actually paragraph 79

23   would stay the same or would also be 44?

24          PROBATION OFFICER:  Paragraph 76 would say 44.

02:45 25          THE COURT:  Yes.  Paragraph 76 would say 74.

|   | |
|---|---|
| 1 | Paragraph 78 would say 44? |
| 2 | PROBATION OFFICER:  44. |
| 3 | THE COURT:  And paragraph 79? |
| 4 | PROBATION OFFICER:  That would say 44 as well. |
| 02:46 5 | THE COURT:  Okay.  So 78 and 79 would also say 44. |

Paragraph 78 would say 44?

PROBATION OFFICER:  44.

THE COURT:  And paragraph 79?

PROBATION OFFICER:  That would say 44 as well.

THE COURT:  Okay.  So 78 and 79 would also say 44.
And paragraph 80 would also say 44.  And then those are the
only paragraphs that changed though, because the level 44 is
still off the guideline charts, so he would be at 43/VI, which
is life.

PROBATION OFFICER.  Your Honor, and Paragraph 116.

THE COURT:  Paragraph 16, you're right, that would
also say 44.  Everything else though in that paragraph stays
the same.

Okay.  Now the motion for new trial, I can set it for the
31st at 9:30 a.m.

MR. MARTINEZ:  The 31st of December, Your Honor?

THE COURT:  January.

MR. MARTINEZ:  January, yes, ma'am.  At 9:30?

THE COURT:  9:30.  And Mr. Martinez, at that point if
we need to get this witness here, we are going to have to make
sure that the marshals know to get the body here for you on
that date.

MR. MARTINEZ:  Yes, Your Honor.

MR. GYIRES:  Your Honor, does that mean the
government shouldn't ask the marshals to do it?

1           THE COURT:  It is up to you.  If you want to, that's

2    fine.

3           MR. GYIRES:  Okay.  I'll do it just to make it easy;

4    but I don't want that --

02:47  5           THE COURT:  That's fine.

6           MR. GYIRES:  -- to indicate that I wish to call the

7    witness, I suppose.

8           THE COURT:  Well, this is his motion.

9           MR. GYIRES:  Right.

02:47 10           THE COURT:  So he has to call the witnesses.  If you

11    want to facilitate getting the body here, --

12           MR. GYIRES:  Yes.  I can do that.

13           THE COURT:  -- that it is fine with me.

14           MR. GYIRES:  Okay.  That's fine.

02:47 15           THE COURT:  That way it is less of a problem.

16           MR. GYIRES:  Okay.

17           MR. MARTINEZ:  You indicated you wanted to hear from

18    the witness.

19           THE COURT:  I do, sure, because a lot is going to

02:47 20    turn on the credibility of what he has to say.

21           MR. MARTINEZ:  Right.  And that's why I think I'm

22    almost obligated.  I mean I am obligated to do that.

23           THE COURT:  Right.  But you are not going to have to

24    file a writ, or you are not going to have to file a subpoena.

02:48 25    The government is going to get him here for you.

1          MR. MARTINEZ:  Oh, okay.

2          THE COURT:  So the body will be here.  You don't have

3    to worry about that, Mr. Martinez.

4          MR. MARTINEZ:  All right.  Thank you, Your Honor.

02:48  5          THE COURT:  You will get the chance to call him

6    first; but he'll be here for you.

7          MR. MARTINEZ:  All right, Judge.

8          THE COURT:  Okay.  Anything other than those

9    objections, Mr. Martinez?

02:48 10          MR. MARTINEZ:  No, ma'am.

11          THE COURT:  So that takes care of your objections

12   other than the global "it ain't fair" kind of thing?

13          MR. MARTINEZ:  Right.  Yes, ma'am.

14          THE COURT:  Okay.  Mr. Gyires, has the government

02:48 15   reviewed the Presentence Report prepared in this case?

16          MR. GYIRES:  Yes, Your Honor.  We have no objections

17   other than what we just talked about.

18          THE COURT:  Okay.  Other than the changes that the

19   Court already made?

02:48 20          MR. GYIRES:  Yes, Your Honor.

21          THE COURT:  Okay.  And by the way, paragraph 65

22   should reflect that it is the 2005 addition of the guidelines

23   that are being used as opposed to the 2010, so we know.

24          With the corrections noted by the Court, the Court will

02:48 25   adopt the legal and factual conclusions contained within the

1    Presentence Report revised July 15th of 2011 and the Court will

2    make the following findings:  That the applicable statutory

3    sentencing provisions are:  This is for each count, Mr.

4    Castaneda.  There is a term of incarceration of 10 years to

02:49   5    life; that probation is not authorized; there is a term of

6    supervised release on each count of not less than five years up

7    to life; there is a fine on each count of up to four million

8    dollars for a potential total of 12 million dollars.  There is

9    not -- I mean eight million dollars.  Excuse me.  There is no

02:49  10    restitution; but there is a $100 special assessment on each

11    count for a total of $200.

12        Pursuant to the policy statements of the Sentencing Reform

13    Act of 1984 the Court finds that there is a total offense level

14    of 44, criminal history category of VI; that there is a range

02:49  15    of imprisonment of life; that probation is not authorized;

16    there are two terms of supervised release of five years; there

17    is a fine range of $25,000 to eight million dollars; there is

18    no restitution, but there is a $100 special assessment.

19        At this time, Mr. Castaneda, you have the opportunity to

02:50  20    say whatever you'd like; but you are not required to.

21                THE DEFENDANT:  That's fine.  Thank you.

22                THE COURT:  Mr. Gyires.

23                MR. GYIRES:  Your Honor, the government recommends

24    the mandatory life sentence.

02:50  25                THE COURT:  Mr. Martinez.  And Mr. Martinez, let me

1    also make it really clear for the record that whatever you

2    allocute here the Court is not going to take it as any type of

3    concession doe any matter on the motion to grant a new trial,

4    just so you know.

02:50   5          MR. MARTINEZ:  Thank you, Your Honor.  I appreciate

6    that.  Basically, Your Honor, the enhancements are something

7    that are not challengeable.  If the Court ultimately determines

8    that there is no motion to be granted, the Court has made a

9    credibility assessment at that point.  I really can't offer

02:50   10   anything in terms of argument other than what the Court has

11   already granted me.  And I appreciate that and I would just

12   rather just leave it up to your decision in a motion for new

13   trial and under appeal deal with this.

14         THE COURT:  Yes.  I think that you are right in

02:51   15   terms of the strategy here.  It is really the motion for new

16   trial and appeal.  Because you're right.  Without the

17   enhancement he is at 10 to life statutorily under the charges.

18         MR. MARTINEZ:  Right.

19         THE COURT:  With the punishment enhancement.  And it

02:51   20   is clear from the record that he does have two prior --

21         MR. GYIRES:  I believe he has three.

22         THE COURT:  It's three prior convictions of drug

23   trafficking type, which it is a possession with intent to

24   distribute of some kind.  It is not just a simple possession.

02:51   25   No.  He only has two.  It looks like he only has two

1 possessions with intent to distribute.  There is one that is

2 just a possession with intent to distribute -- I mean one that

3 is a simple possession it looks like, the '07 one.

4   Is that the one you are thinking of, Mr. Gyires?  Or am I

02:52 5 missing one?  The one in paragraph 84 doesn't appear to be a

6 distribution, just a possession.

7   Paragraph 85 is a distribution.  Paragraph 86 is a -- or I

8 should say possession with the intent to distribute.  The same

9 with paragraph 86, and then 87 is back to possession.

02:52 10    MR. GYIRES:  So the ones that are counted are 86 and

11 85.

12    THE COURT:  85 and 86 are the two --

13    MR. GYIRES:  Right.

14    THE COURT:  -- priors for the career offender.

02:52 15    MR. GYIRES:  That looks correct.  I'm not sure why I

16 thought there were three.  I don't have the information in

17 front of me that would indicate otherwise.

18    THE COURT:  Hold on.  I've got the information in

19 front of me:  a 2003 in Laredo decision, 502-CR-1728.  That's

02:53 20 the paragraph 85 is your first paragraph in the enhancement,

21 Mr. Gyires.

22    MR. GYIRES:  Yes, Your Honor.

23    THE COURT:  And then your second one is the Brazoria

24 County case of 56309; but that's not a -- that's actually not a

02:53 25 drug trafficking.  That's a simple possession one.  And then

1   you have got the Mississippi, Harrison County, which is

2   paragraph 86.

3           MR. GYIRES:  Okay.

4           MR. MARTINEZ:  That one was revoked in 2009.

02:53  5           THE COURT:  Correct.  Yes.  That's right.  He did

6   have a revocation in '09.  Okay.

7       All right.  Mr. Castaneda, again I give you the

8   opportunity to say whatever you'd like.  You are not required

9   to though.

02:54  10          THE DEFENDANT:  No.  That's fine.  Thank you.

11          THE COURT:  In assessing a sentence in this case the

12  Court takes into account the advisory guidelines as well as the

13  policy statements of those guidelines together with other

14  sentencing factors such as the nature and circumstances of the

02:54  15  offense, the seriousness of the offense, the history and

16  characteristics of the defendant, the need to promote respect

17  for the law and to provide just punishment for the offense, the

18  need to deter future criminal conduct and to protect the

19  public.  The Court also takes into account the allocution of

02:54  20  the parties as well as the factual information contained within

21  the Presentence Report.

22      The Court finds that the advisory guidelines are adequate

23  and that a reasonable and adequate sentence can be achieved

24  with a sentence selected from within the advisory guideline

02:55  25  range.

1    It is therefore the order and the judgment of the Court

2    that the defendant, Luis Roel Castaneda, also known as Pajaro,

3    is hereby committed to the custody of the Bureau of Prisons for

4    a period of life on Counts One and Two to run concurrently, for

02:55  5    whatever that is worth.

6              MR. MARTINEZ:  Right.

7              THE COURT:  That upon release from imprisonment you

8    will be placed on a term of supervised release of five years on

9    Counts One and Two, again to run concurrently; that while on

02:55 10    supervised release you shall comply with all the standard

11    conditions of supervision adopted by the Court on July 18th of

12    2011; that one of your conditions when you get out on your term

13    of supervised release is that you shall abstain from the use of

14    alcohol and all other intoxicants.

02:56 15    The Court finds that there is insufficient evidence to

16    indicate that the defendant has the ability to pay a fine

17    within the guideline range, although the Court finds that the

18    defendant does have the present as well as the future ability

19    to pay a lesser fine in the amount of $2000 on each count for a

02:56 20    total of $4,000.

21    The Court will further order that the defendant shall pay

22    to the United States a special assessment of $200.  Mr.

23    Castaneda, as of right now you owe $4,200.  That does not mean

24    you have to pay it today.  Whatever the balance of that may be

02:56 25    when you are released, if you are released on a term of

1    supervised release, you will pay that off at the rate of --

2         PROBATION OFFICER:  $70 per month.

3         THE COURT:  -- $70 per month.  I'll be honest.  I'll

4    tell you what my intent here is.  Without a fine, chances are

02:56  5    you would not be considered for the inmate financial

6    responsibility program if you end up at a Bureau of Prisons

7    facility.  With a fine you will be considered for that.  Life

8    is a long time for you to be sitting around not having a chance

9    to work, so I want to make sure you get the chance to work, and

02:57 10    that's one of the reasons I'm assessing these fines.

11         If however you get out early in terms of some kind of a

12    situation and you are out on your term of supervised release,

13    you will pay the balance of the fines and the special

14    assessments off at the rate of $70 per month with your first

02:57 15    payment due no earlier than 60 days from the date of release

16    from imprisonment.  And then you would pay $70 every month

17    thereafter until your fine and special assessments would be

18    paid off.  Do you understand so far?

19         THE DEFENDANT:  Yes, I do understand.

02:57 20         THE COURT:  If you willfully fail to pay your fines

21    and your special assessments off at that rate, that could be a

22    basis for the revocation of your terms of supervised release.

23    So if you start having any kind of financial problems, you need

24    to let us know.  Do you understand?

02:57 25         THE DEFENDANT:  Yes, Miss.

1          THE COURT:  You have now been convicted of your third

2     drug trafficking offense, and as such, will be denied federal

3     benefits in accordance with federal law for life.

4          The Court will Order that the Presentence Investigation

02:58  5     Report and all related documents be sealed and be made part of

6     the record for appellate purposes.  And I do advise you you

7     have the right to appeal your convictions as well as your

8     sentences when you get to that point, Mr. Castaneda.  I'm going

9     to hold the judgment in this case.

02:58 10          MR. MARTINEZ:  Thank you.

11          THE COURT:  I'm will not issue the judgment until we

12     have had that hearing in January, just so that I don't lose

13     jurisdiction of the case and you get a chance to make that

14     argument before me as well.

02:58 15          MR. MARTINEZ:  I don't have to do the notice of

16     appeal?

17          THE COURT:  No.  The notice of appeal is 10 days from

18     entry of the judgment, so that will still give you time for

19     that, Mr. Martinez.

02:58 20          MR. MARTINEZ:  Thank you.

21          THE COURT:  Okay.  Anything further at this time, Mr.

22     Gyires?

23          MR. GYIRES:  No, Your Honor.

24          THE COURT:  Mr. Martinez?

02:59 25          MR. MARTINEZ:  No, Your Honor.

1    THE COURT:  Mr. Castaneda, have a seat with your

2    attorney so he can also have a conversation with you.

3         (COUNSEL CONFERS WITH DEFENDANT.)

6                          oOo

1    UNITED STATES DISTRICT COURT      )

2    WESTERN DISTRICT OF TEXAS         )

3

4         I, ANNA RENKEN LAFRENZ, Official Court Reporter

5    for the United States District Court, Western District of

6    Texas, do hereby certify that the foregoing is a correct

7    transcript from the record of proceedings in the above matter.

8

9         Certified to by me this 14th day of July, 2012.

10

11

12

13                    /s/ Anna Renken Lafrenz, CSR, RPR

14                    ANNA RENKEN LAFRENZ, CSR, RPR
                      United States District Court
15                    Western District of Texas
                      111 E. Broadway
16                    Suite 214
                      Del Rio, Texas  78840
17
                      CSR #2343
18                    Expires 12/31/12

19

20

21

22

23
          #6704AR
24

25